## ST. LOUIS & S. F. R. CO. v. SKELTON.

No. 3287.    Opinion Filed June 9, 1914.

(141 Pac. 440.)

**INDIANS—Deed to Railroad Right of Way—Validity.** A deed executed May 12, 1902, by a full-blood Creek Indian and his wife conveying land for right of way to a railroad company for railroad purposes, executed pursuant to the Act of Congress approved February 28, 1902, known as the Enid and Anadarko Act, 32 St. at L. 43, c. 134, being regular on its face, in the absence of any proof to the contrary, is presumed to have been obtained according to law; and, where the record shows conclusively that the adverse claimant to such land has absolutely no title to same, the deed to the railroad company from the allottee is sufficient to entitle the railroad company to recover on the strength of its own title.

(Syllabus by Harrison, C.)

*Error from District Court, Okmulgee County;*
*Wade S. Stanfield, Judge.*

Action by the St. Louis & San Francisco Railroad Company against S. L. Skelton. Judgment for defendant, and plaintiff brings error. Reversed.

*W. F. Evans, J. G. Egan, R. A. Kleinschmidt,* and *Fred E. Suits,* for plaintiff in error.

*Belford & Hiatt,* for defendant in error.

Opinion by HARRISON, C. This was a suit in ejectment by the Frisco Railroad Company against L. S. Skelton for possession of certain tracts or lots of land situated in an addition to the town of Okmulgee, title to which the railroad claimed under an instrument of conveyance executed by Samuel J. Haynes and wife, Sarah Haynes, full-blood Creeks, on May 12, 1902. The undisputed facts are that on the above date Haynes and wife executed an instrument of conveyance to certain tracts or strips of land to the Shawnee, Oklahoma & Missouri Coal & Railway Company. Such conveyance is alleged to have been executed pursuant to the act of Congress approved February 28, 1902, known as the Enid and Anadarko Act, 32 St. at L. 43. c. 134. On March 16, 1903, the Shawnee, Oklahoma & Missouri Coal & Railway Company, grantee from the original allottees, conveyed the same property to the Ozark & Cherokee Central Railway Company, and on July 15, 1907, the Ozark & Cherokee Central Railway Company conveyed the same property, together with other tracts, to the St. Louis & San Francisco Railroad Company, and on February 24, 1904, the said allottees, Samuel J. and Sarah Haynes, conveyed by deed a tract of some 21 acres, more or less, to George M. Griffin. The deed from Samuel J. and Sarah Haynes to Griffin purports to convey certain tracts described by metes and bounds, but contains the following exception, to wit:

"Except about six (6) acres of said tract heretofore conveyed, condemned and taken by the railroad for railroad purposes."

Griffin platted his tract, including the above six acres, as an addition to the city of Okmulgee, and on July 9, 1908, Griffin and wife deeded to S. L. Skelton, the defendant herein. a certain lot 12, in block 4, Griffin's addition, which, it is claimed, covered the land in controversy here. Skelton went into possession of same under the deed from Griffin, and the railroad com-

pany brought this action upon its chain of title from the original allottees, Haynes and wife.

The cause was tried and judgment rendered decreeing the title and right of possession in the defendant, S. L. Skelton, and the railroad prosecutes this appeal from such judgment upon the contention that it had the right of possession and use of such tract for railroad purposes under the instrument of conveyance from Haynes and wife to the Shawnee, Oklahoma & Missouri Coal & Railway Company; that such deed was executed pursuant to and in compliance with the provisions of the aforesaid act of February 28, 1902.

It is contended by defendant in error, however, that said conveyance from Haynes and wife to the Shawnee, Oklahoma & Missouri Coal & Railway Company, having been executed prior to removal of restrictions, unless approved by the Secretary of the Interior, was invalid and conveyed no title, for the reason that it was not approved by the Secretary of the Interior. The principal portion of the brief of defendant in error is devoted to a discussion of the invalidity of the deed because not approved by the Secretary of the Interior, and therefore not in compliance with the provisions of the Creek Treaty and Supplemental Treaty and the provisions of the act of February 28, 1902, *supra.* Likewise the greater portion of plaintiff in error's brief and supplemental brief is taken up with the argument that the instrument in question was valid for the reason that the railroad company had complied strictly with the provisions of the act of February 28, 1902, in procuring the right of way, and that, under the provisions of such act, the approval of the Secretary of the Interior was unnecessary to give validity, and on the further theory that the record failed to disclose whether or not the Secretary of the Interior had approved the instrument in question, citing *U. S. v. Ft. S. & W. R. Co.*, 195 Fed. 211, 115 C. C. A. 163, wherein, upon the same question, it was held:

"Counsel calls attention to the fact that the lands were not alienable by the allottees until May 26, 1906, except with the approval of the Secretary of the Interior. But the railroad com-

pany obtained from these allottees and paid them for its right of way over these allotments, and the legal presumption, in the absence of pleading and proof to the contrary, is that it did so lawfully, and, if that were necessary, that the Secretary approved their conveyances to it of these rights."

Hence, as we view the case at bar, it is unnecessary to determine whether or not, under the act of February 28, 1902, the approval of the Secretary of the Interior was necessary to give validity to the deed. There is nothing in the record to show that he did not approve same, and under the foregoing authority, in the absence of any proof to the contrary, the legal presumption is that the deed was valid. Besides, the allottee Haynes is not a party to this action. His rights, whatever they may be, cannot be adjudicated in the case at bar. He is not a party. His right to maintain an action against the railroad company, or the company's right to maintain an action against him, is wholly immaterial to a determination of whether or not Skelton, under his deed from Griffin, had any title or right to possession of the land. Whatever rights Haynes may have had or may yet have, none of them were conveyed to Griffin, for the deed to Griffin expressly excepted the six acres in controversy here. Skelton, therefore, had no more title than Griffin had, and Griffin had none whatever to the six acres, because his deed expressly excepted same. The railroad had been in operation for a number of years, holding possession of this tract under its deed, which, under the record and the authority of *U. S. v. Ft. S. & W. R. Co., supra,* is presumed to be valid. This was sufficient, in the absence of any proof to the contrary, to entitle the railroad company to recover on the strength of its own title. Especially is this true when the record conclusively shows that Skelton had absolutely no title to the six acres. It follows, therefore, that the court erred in decreeing title and right of possession to Skelton.

For these reasons the judgment should be reversed, and the cause remanded for judgment decreeing the right of possession for railroad purposes in the plaintiff in error.

By the Court: It is so ordered.